[No. 38223-7-II. Division Two. September 29, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. MIKLOS TOTH, *Appellant*.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Deborah S. Kelly, Prosecuting Attorney*, and *Brian P. Wendt, Deputy*, for respondent.

¶1 HOUGHTON, J. — Miklos Toth appeals his felony driving under the influence (DUI) conviction, arguing, among other issues,[1] that the State impermissibly shifted the burden of proof to him during closing argument by suggesting the absence of evidence to corroborate his own testimony. We agree and reverse and remand.

## FACTS

¶2 On April 11, 2008, Toth drove from Seattle to his brother's home in Sequim. A state trooper clocked Toth traveling 62 miles per hour in a 45 miles per hour zone. The trooper activated his emergency lights, and Toth eventually pulled over after the trooper activated his siren.

¶3 The trooper asked Toth to step out of the vehicle, and he complied. The trooper noticed a strong smell of alcohol and Toth's watery and bloodshot eyes. After the trooper explained that he had stopped Toth for speeding, Toth said that he did not realize he was speeding and that he was presently on his way to his family's cabin in Sequim to go fishing. The trooper then noted that Toth slurred his speech and swayed while he spoke. The trooper then asked Toth if he had been drinking that night. Toth replied that he had had a few beers.

¶4 The trooper then asked Toth if he would consent to a sobriety test. Toth refused but said he would "blow" instead.[2] II Report of Proceedings (RP) at 121. The trooper arrested Toth for DUI, handcuffed him, and placed him in the backseat of his patrol car. The trooper then read Toth his *Miranda* rights.[3]

---

[1] Because we reverse and remand, we do not address Toth's arguments regarding his prior convictions elevating his crime to a felony and his refusal to take a breath test.

[2] The trial court instructed the State to refrain from questioning the trooper on the results of the breath test. Consequently, the record contains no testimony or other evidence on whether Toth actually took the roadside breath test.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

¶5 A state patrol sergeant arrived as backup and proceeded to search Toth's car.[4] The sergeant found several open bottles of liquor, including four beer cans and a half-empty bottle of whiskey, on the passenger seat. When the sergeant approached Toth, he also noticed that Toth slurred his speech, swayed, smelled of liquor, and appeared flushed. The trooper then took Toth to jail.

¶6 At the jail, the trooper read Toth the implied consent warnings for breath testing. When the trooper asked Toth if he understood, Toth replied, " '[N]o, I gave you a breath test and now you want another.' " I RP at 56.

¶7 The State charged Toth with felony DUI and second degree driving while his license was suspended or revoked. The State alleged that Toth's four prior DUI convictions elevated his crime to a felony. RCW 46.61.502(6); RCW 46.61.5055(4).

¶8 A jury heard the matter. Toth testified in his own defense.

¶9 At the beginning of its closing argument, the State reminded the jury of its duty as fact finder. The State reminded the jury of the trooper's, the sergeant's, and Toth's testimony, and asked the jury to consider the witnesses' credibility. During his closing argument, Toth explained that the State had the duty to prove his guilt beyond a reasonable doubt.

¶10 During its rebuttal, the State argued that Toth did not present evidence to corroborate his testimony. Specifically, it argued:

> [THE STATE:] . . . And there's some very important evidence that was never presented in this case by the defendant[ ]. Sure, the defense doesn't have a burden to present anything in this case. But, the defendant testified, you heard his story. Did he provide anything at all to corroborate his story?
>
> [DEFENSE COUNSEL:] I'm going to object.

---

[4] Because we reverse on other grounds, we do not discuss the validity of the search in light of *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).

COURT: Grounds?

[DEFENSE COUNSEL:] Commentary on the . . . defendant's right to remain silent.

COURT: Well, I think he's . . . testified.

[THE STATE:] He's testified.

COURT: So, I'll overrule the objection.

[THE STATE:] Thank you, Your Honor. He didn't provide you with anything to back his story up. Not one single iota of evidence. . . .

Where's his brother? Where are any of the other people that were at that party? Why hasn't any of them come here to testify on his behalf? We don't even know that he was even at his brother's house. That's just his story. Maybe he was there. We don't know for sure whether or not [he] was there. But, what we don't have is any definitive evidence that he was there at all. And, he claims all he drank there was two beers and a swig of whiskey. We don't have anybody here to support that statement. Not one person.

II RP at 235-36. The State further recounted the officers' testimony on Toth's apparent driving, his inconsistent testimony, his refusal to submit to a breath analysis, and the officers' testimony on his appearance after he was pulled over.

¶11 The jury found Toth guilty. It also found that he had four prior DUI convictions, elevating his crime to a felony. He appeals.

## ANALYSIS

¶12 Toth contends that the State shifted the burden of proof during its rebuttal argument, prejudicing him. We agree.

¶13 "Due process requires that the State bear the burden of proving every element of the crime beyond a reasonable doubt." *State v. Warren*, 165 Wn.2d 17, 26, 195 P.3d 940 (2008), *cert. denied*, 129 S. Ct. 2007 (2009). The constitutional harmless error standard applies when a

prosecutor's comment implicates a constitutional right other than the right to a fair trial. *State v. Moreno*, 132 Wn. App. 663, 671-72, 132 P.3d 1137 (2006). A constitutional error is harmless only when we are convinced, beyond a reasonable doubt, that the prosecutor's comment did not affect the verdict. *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985). We presume constitutional errors to be prejudicial and, as such, the State bears the burden to show the error was harmless. *Guloy*, 104 Wn.2d at 425.

██ ¶14 It is improper to imply that the defense has a duty to present evidence. *State v. McKenzie*, 157 Wn.2d 44, 58-59, 134 P.3d 221 (2006). In its rebuttal, the State argued that Toth should have provided witnesses to corroborate his own testimony that he was at his brother's house and had only two beers and a "sip" of whiskey. II RP at 180. This statement prejudiced Toth beyond a reasonable doubt because the jury could likely infer that Toth had the burden to prove that he was not intoxicated.

█ ¶15 Here, the State implied that Toth had a duty to present evidence by stating that he did not produce corroborating evidence by calling specific witnesses to testify. In doing so, the State committed misconduct resulting in prejudice beyond a reasonable doubt. The remedy is to reverse and remand. *See State v. Dixon*, 150 Wn. App. 46, 58-59, 207 P.3d 459 (2009) (court reversed and remanded where State improperly shifted the burden in closing argument).

¶16 Reversed and remanded.

VAN DEREN, C.J., and BRIDGEWATER, J., concur.

After modification, further reconsideration denied October 13, 2009.